IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NANCY KAY LAYNE**, | Case No. 3:25-cv-1584-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **ZBS LAW, LLC,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Nancy Kay Layne ("Layne"), representing herself, brings this case against several parties involved in the mortgage and subsequent judicial foreclosure of Layne's house. Layne alleges that Defendant ZBS Law, LLC ("ZBS Law") filed a judicial foreclosure action in Washington County Circuit Court on behalf of Defendant The Bank of New York Mellon ("Bank"). ZBS Law was later replaced as counsel in the State court action by Defendant Klinedinst PC. The remaining named Defendant in this case, Shellpoint Mortgage Servicing, is alleged to have been a loan servicer for the mortgage on Layne's house. Layne also names Does 1-10, as "unknown entities or individuals involved in the creation, assignment, or enforcement of void instruments."

PAGE 1 – ORDER

Layne participated in a State court judicial foreclosure proceeding. Layne argued in State court that: (1) the Bank, the plaintiff in State court, did not have the required ownership interest to foreclose, particularly because the Bank did not file proper assignments under Oregon law; (2) the pleadings submitted in State court were procedurally improper; (3) the foreclosure documents submitted in State court were fraudulent or otherwise improper; (4) the foreclosure did not comport with Oregon law; and (5) the Bank submitted uncertified evidence and evidence without proper signatures. ECF 1 at 54-57. The Washington County Circuit Court rejected those arguments and granted summary judgment in favor of the Bank on July 19, 2024,[1] although the final judgment was not entered until July 17, 2025. Layne then filed a motion to vacate that judgment. ECF 1 at 77-79. In that motion, Layne argued that the Bank did not have standing, the foreclosure was untimely, the complaint was unverified, the Bank did not submit sufficient evidence of chain of title, the Bank did not properly authenticate its submitted evidence, and the Bank failed to submit an original promissory note. The State court denied the motion to vacate. ECF 1 at 85.

Layne now brings this federal court action "to redress constitutional and statutory violations arising from Defendants' unlawful attempts to foreclose upon Plaintiff's property." Layne alleges that the Bank admitted that it did not own either the loan or the property and that Defendants relied on improper "robo-signed assignments." Plaintiff also alleges that she filed in State court her evidence relied on in this federal Court, including the Bank's purported admission, and the State court "ignored" her filings and denied her relief, resulting in a "deprivation of property without due process of law."

---

[1] The Court takes judicial notice of the State court docket for Washington County Circuit Court Case No. 23CV23393.

Before the Court is Layne's motion for temporary restraining order ("TRO"). Layne requests that the Court enjoin Defendants from enforcing the State-court-ordered judicial foreclosure judgment, conducting a sale of her house, or recording further instruments relating to her property. For the reasons that follow, the Court DENIES Layne's motion.

## STANDARDS

In deciding whether to grant a motion for TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *See All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "a preliminary injunction may issue where 'serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor' if the plaintiff 'also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.'" *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 844 (9th Cir. 2024) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135). The Ninth Circuit has a "'sliding scale' approach, in which 'the elements of the

PAGE 3 – ORDER

preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another.'" *Id.* (quoting *All. for the Wild Rockies*, 632 F.3d at 1131).

In addition, a TRO is necessarily of a shorter and more limited duration than a preliminary injunction.[2] Finally, "[d]ue to the urgency of obtaining a preliminary injunction at a point when there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings." *Herb Reed Enters., LLC v. Florida Entmt. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009).

## DISCUSSION

Layne brings three claims, and seeks injunctive and declaratory relief,[3] as well as compensatory and punitive damages. Her first claim is styled as under the Fair Debt Collection Practices Act. The claim, however, is that Defendants "misrepresented" their authority to collect, attempted foreclosure without standing, and relied on "void" documents in the State court proceeding. All of these issues were litigated to, and rejected by, the State court judge.[4]

---

[2] The duration of a TRO issued *without* notice may not exceed 14 days but may be extended by a court once for an additional 14 days for good cause, provided that the reasons for the extension are entered in the record. Fed. R. Civ. P. 65(b)(2). When a TRO is issued with notice and after a hearing, however, the 14-day limit for TROs issued without notice does not apply. *See Pac. Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp. 3d 1219, 1222 n.1 (D. Or. 2016). Nevertheless, absent consent of the parties, "[a] court may not extend a 'TRO' indefinitely, even upon notice and a hearing." *Id*. Accordingly, unless the parties agree otherwise, a court should schedule a preliminary injunction hearing to occur not later than 28 days after the date that the court first issues a TRO.

[3] Layne styles her request for injunctive relief and declaratory relief as separate causes of action, but the Court considers them as requests for relief and not causes of action.

[4] Courts evaluate the claims in a pro se complaint for their substance, not their label. *See, e.g.*, *Formica v. Superintendent of Cent. Va. Reg'l Jail*, 2015 WL 5561933, at *11 n.16 (W.D. Va. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 5561952 (W.D. Va. Sept. 21, 2015) ("Federal courts may ignore the legal label that a pro se litigant attaches to a

Layne's second claim is brought under 42 U.S.C. § 1983. She alleges that Defendants, by using the State court judicial foreclosure process, acted under color of state law to deprive Layne of her property without due process. She also alleges that the State court's refusal to properly apply Oregon law resulted in the denial of Layne's due process rights.[5]

Layne's final claim is for wrongful foreclosure. She alleges that by bringing an untimely foreclosure action and without producing the original promissory note, Defendants wrongfully foreclosed on Layne's property.

Layne is not likely to succeed on, or even raise serious questions going to the merits of, her claims because the Court likely does not have subject matter jurisdiction over this case based on the *Rooker-Feldman*[6] doctrine. Under this doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of the doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*; *see* 28 U.S.C. § 1257.

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision, suits in which "the adjudication of the federal claims would undercut the state ruling."

---

claim in order to create a better correspondence between the claim's substance and its underlying legal basis.").

[5] In addition to the Court's concern addressed below regarding likelihood of success on the merits, the Court finds Layne is unlikely to succeed on the merits to show that Defendants were state actors and she is unable to hold Defendants' liable for the alleged conduct of the State court judge.

[6] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Bianchi v. Rylaardsam*, 334 F.3d 895, 898 (9th Cir. 2003). Further, the *Rooker-Feldman* doctrine includes "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it. *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001). A claim also is "inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quotation marks omitted). This rule also applies to constitutional claims under Section 1983. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A dismissal under this doctrine generally is without prejudice, although one from which the plaintiff will not be able to replead in federal court. *See White v. Dobrescu*, 651 F. App'x 701, 703 (9th Cir. 2016) ("Because we affirm the dismissal on the basis of the *Rooker-Feldman* doctrine, we treat the dismissal as one without prejudice."); *see also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

Layne's claims are all, at a minimum, inextricably intertwined with the State court judgment, if not a direct challenge to that judgment. The Court could not grant the relief requested by Layne without effectively reversing or voiding the State court's judgment of foreclosure, which the *Rooker-Feldman* doctrine prohibits. *See Cooper*, 704 F.3d at 779. Indeed, Layne is requesting that the Court enjoin Defendants from effectuating that State court judgment, and specifically alleges that the State court wrongly decided the issues before it. This Court, however, does not sit as an appeals court to the Washington County Circuit Court.

PAGE 6 – ORDER

Further, the allegations and evidence on which Layne bases her claims in this federal case are the same on which she relied to argue against the State court claims, and the State court rejected, as specifically alleged by Layne. For Layne to prevail in this federal case, the Court would necessarily be concluding that the State court wrongly decided those issues. That is prohibited by the *Rooker-Feldman* doctrine. *See Napolitano*, 252 F.3d at 1029-30.

The Court DENIES Layne's Motion for Temporary Restraining Order, ECF 2. The Court also orders Layne to SHOW CAUSE IN WRITING by September 29, 2025, why this case should not be dismissed under *Rooker-Feldman* for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED this 8th day of September, 2025.

                                              /s/ *Michael H. Simon*
                                              Michael H. Simon
                                              United States District Judge